s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| Enon Sand and Gravel, LLC<br>11641 Mosteller Road<br>Cincinnati, Ohio 45241, | : <br> : | Case No. _____<br><br>(Hon. _____) |
| Plaintiff, | : | **COMPLAINT** |
| vs. | : | Brian P. Barger (0018908)<br>EASTMAN & SMITH LTD. |
| Clark County Board of County<br>Commissioners<br>c/o D. Andrew Wilson, Prosecuting<br>Attorney<br>50 East Columbia Street, Suite 449<br>Springfield, Ohio 45502 | : <br> : <br> : | 100 East Broad Street, Suite 2100<br>Columbus, Ohio 43215<br>Telephone: (614) 564-1445<br>Fax: (614) 280-1777<br>Email: bpbarger@eastmansmith.com |
| | : | Matthew D. Harper (0059192)<br>Sarah E. Stephens (0089559) |
| and | : | EASTMAN & SMITH LTD. |
| Thomas A. Hale in his capacity as<br>Clark County Zoning Administrator<br>Springview Government Center<br>3130 East Main Street, Suite 1A<br>Springfield, Ohio 45505 | : <br> : <br> : | One SeaGate, 24th Floor<br>P.O. Box 10032<br>Toledo, Ohio 43699-0032<br>Telephone: (419) 241-6000<br>Fax: (419) 247-1777 |
| | : | Email: mdharper@eastmansmith.com<br>      sestephens@eastmansmith.com |
| Defendants. | : | Attorneys for Plaintiff<br>Enon Sand and Gravel, LLC |
| | : | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

Plaintiff Enon Sand and Gravel, LLC (**"Enon"**) states as follows for its Complaint against Defendants Clark County Board of County Commissioners (**"Commissioners"**) and Thomas A. Hale, in his capacity as the Clark County Zoning Administrator (**"Zoning Administrator"**):

## I. INTRODUCTION

1. Enon brings this action to protect its right to continue prior non-conforming uses of certain real property located in Mad River Township (**"Township"**), an unincorporated area of Clark County, Ohio (**"County"**), which are either owned by Enon or subject to an option to purchase by Enon. Since before 1955, Enon, and its predecessors-in-title, have continuously (i) used such property for surface mining, (ii) held it in reserve for future surface mining, and/or (iii) used it for incidental purposes necessary to surface mining (the **"Surface Mining Uses"**). Because the Surface Mining Uses of the property predate the enactment of the Clark County Zoning Resolution (**"CCZR"**), they constitute prior non-conforming uses not subject to the CCZR.

## II. PARTIES

2. Enon is an Ohio limited liability company which owns, or has an option to purchase, certain real property located within the Township used continuously since before 1955 for Surface Mining Uses.

3. The Commissioners are the board of county commissioners elected to govern the County.

4. The Zoning Administrator is the official appointed by the Commissioners to interpret and enforce the CCZR pursuant to Chapter 9, Section B thereof.

4062764 .1

### III. JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

6. The Court has personal jurisdiction over the County and the Zoning Administrator as they are located solely and exclusively within this District.

7. Venue is proper in this District as the events giving rise to the claims for relief occurred solely and exclusively within this District.

### IV. GENERAL ALLEGATIONS

**A.** **The Clark County Zoning Resolution**

8. On November 3, 1964, the County enacted county rural zoning for the unincorporated areas of the County, including the Township, as authorized pursuant to R.C. Ch. 303. The provisions of the County's rural zoning are set forth in the CCZR. Prior to enactment of the CCZR, no zoning applied to the use of property located within the Township, including the Surface Mining Uses.

**B.** **The Keifer Property**

9. Beginning at least in 1955, prior to the enactment of the CCZR, Wilbur H. Keifer and Joseph E. Keifer d/b/a Keifer Sand and Gravel ("**Keifer**"), and/or their predecessors-in-title, continuously used certain real property for Surface Mining Uses.

10. The Surface Mining Uses were lawful uses of the property at the time they began.

11. Attached hereto as **Exhibit A** is a map and legal description of the parcel of real property identified herein as **"Keifer I,"** which Keifer continuously used for Surface Mining Uses since before 1955.

4062764 .1

12. Attached hereto as **Exhibit B** is a map and legal description of the parcel of real property identified herein as **"Keifer II,"** which Keifer continuously used for Surface Mining Uses since before 1955.

13. In 1974, the Ohio General Assembly enacted R.C. Ch. 1514, which, for the first time, required a permit from the Ohio Department of Natural Resources (**"ODNR"**) to conduct surface mining.

14. Accordingly, Keifer applied for such a permit on December 27, 1976 and the ODNR issued Surface Mine Permit number IM-0340 (**"340 Permit"**) effective April 27, 1977 to Keifer. A true and correct copy of the 340 Permit is attached as **Exhibit C**.

15. As originally issued, the 340 Permit covered approximately 13.8 acres of property contained within Keifer I. On October 23, 1990, the ODNR added an additional 8 acres from Keifer I to the 340 Permit which had previously been held by Keifer in reserve for future surface mining. The balance of Keifer I has always been held in reserve for future surface mining and/or for incidental purposes necessary to surface mining.

16. Keifer actively surface mined Keifer II prior to the enactment of R.C. Ch. 1514 and Keifer II has never been added to the 340 Permit; however, it has always been held in reserve for future surface mining and/or used for incidental purposes necessary to surface mining.

17. On July 8, 2015, Enon acquired title to Keifer I and Keifer II.

18. On December 14, 2015, the ODNR issued its Surface Mine Permit Transfer (**"340 Transfer"**) to Enon making it the current holder of the 340 Permit. A true and correct copy of the 340 Transfer is attached hereto as **Exhibit D**.

### C. The Demmy Property

19. Beginning at least in 1955, prior to the enactment of the CCZR, Woodrow Demmy and Daniel Demmy b/b/a Demmy Sand & Gravel (**"Demmy"**), and/or their predecessors-in-title, continuously used certain real property for Surface Mining Uses.

20. The Surface Mining Uses were lawful uses of the property at the time they began.

21. Attached hereto as **Exhibit E** is a map and legal description of the parcel of real property identified herein as **"Demmy I,"** which Demmy continuously used for Surface Mining Uses since before 1955.

22. Attached hereto as **Exhibit F** is a map and legal description of the parcel of real property identified herein as **"Demmy II,"** which Demmy continuously used for Surface Mining Uses since before 1955.

23. Attached hereto as **Exhibit G** is a map and legal description of the parcel of real property identified herein as **"Demmy III,"** on which Demmy continuously used for Surface Mining Uses since before 1955.

24. Following enactment of R.C. Ch. 1514, Demmy applied for a surface mining permit on January 3, 1977 and the ODNR issued Surface Mine Permit number IM-0375 (**"375 Permit"**) effective June 6, 1977 to Demmy. A true and correct copy of the 375 Permit is attached as **Exhibit H**.

25. The 375 Permit currently includes Demmy I, Demmy II, and Demmy III, plus additional real property that is not the subject of this action.

26. On July 8, 2015, Enon acquired title to Demmy I and Demmy II and acquired an option to purchase Demmy III.

4062764 .1

27. On December 14, 2015, the ODNR issued its Surface Mine Permit Transfer (**"375 Transfer"**) to Enon making it the current holder of the 375 Permit. A true and correct copy of the Transfer is attached hereto as **Exhibit I**.

D. **The Consolidation of the 340 Permit and the 375 Permit**

28. On July 13, 2017, the ODNR modified the 340 Permit to (i) consolidate the 340 Permit and the 375 Permit into one permit governing all the property previously governed by the 340 Permit and the 375 Permit separately and (ii) permit the use of explosives and dewatering to surface mine for minerals, specifically including limestone (the **"340 Modifications"**). A true and correct copy of the 340 Modifications issued by the ODNR are attached hereto collectively as **Exhibit J**.

E. **Ohio and County Law Governing Non-Conforming Uses**

29. R.C. § 303.19 provides that "[t]he lawful use of . . . any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with the provisions of such resolution or amendment . . . ."

30. Chapter 1, Section I(4) of the CCZR also provides that "[a]ll Non-conforming . . . uses of land which were lawfully existing prior to the adoption of these Regulations may be maintained . . . ."

31. Chapter 9, Section G(3)(c)(2) of the CCZR further provides that "[a]n existing, legal Non-conforming Use which occupied only a portion of an existing structure or premises may be extended throughout such structure or premises."

32. Additionally, under Ohio law, property held in reserve for future surface mining retains its non-conforming status even though not actively mined for a period of two (2) years or more.

F. **Ohio Law Governing Surface Mining**

33. R.C. § 1514.01(A) defines "surface mining" as "*all or any part* of a process followed in the production of minerals from the earth or from the surface of the land by surface excavation methods, such as open pit mining, dredging, placering, or quarrying, and includes the removal of overburden for the purpose of determining the location, quantity, or quality of mineral deposits . . . ." (Emphasis added.)

34. R.C. § 1514.01(B) defines "minerals" as "sand, gravel, clay, shale, gypsum, halite, limestone, dolomite, sandstone, other stone, metalliferous or nonmetalliferous ore, or other material or substance of commercial value excavated in a solid state from natural deposits on or in the earth, but does not include coal or peat."

## V. FIRST CLAIM FOR RELIEF
(Declaratory Judgment Under R.C. § 2721.01 *et seq.*)
(Keifer I)

35. Enon incorporates by reference the allegations of paragraphs 1 through 34 above as if fully rewritten herein.

36. Continuously since prior to 1955, Enon and its predecessors-in-title have used Keifer I for Surface Mining Uses.

37. The Surface Mining Uses constitute prior non-conforming uses of Keifer I not subject to the CCZR.

38. Enon's continuation of the Surface Mining Uses of Keifer I will not change the nature or the character of the prior non-conforming uses of Keifer I.

4062764 .1

39. An actual controversy exists between Enon and the Zoning Administrator regarding Enon's right to continue the prior non-conforming uses of Keifer I.

40. Specifically, Enon understands that the Commissioners and/or the staff operating under the Zoning Administrator contend (1) that a conditional use permit is required for Enon to continue the Surface Mining Uses on Keifer I, (2) that the prior non-conforming use of that portion of Keifer I held in reserve for future surface mining for minerals has expired due to the lack of active mining for a period of two (2) years or more, and/or (3) that surface mining of limestone by means of the use of explosives and dewatering invalidates any prior non-conforming use that may exist on Keifer I because limestone had not been mined using such means in the past.

41. Enon disputes these contentions and maintains that:

   a. its prior non-conforming uses extend to all Surface Mining Uses of Keifer I, including, without limitation, holding a portion of Keifer I in reserve for future surface mining for minerals and using Keifer I for incidental purposes necessary to surface mining;

   b. it may continue such prior non-conforming uses of Keifer I without a conditional use permit; and,

   c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Keifer I for Surface Mining Uses.

42. Pursuant to R.C. § 2721.01 *et seq.*, Enon is entitled to a judgment declaring that:

   a. Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Keifer I, including, without limitation, holding a portion of Keifer I in reserve for future surface mining for minerals and using Keifer I for incidental purposes necessary to surface mining;

   b. Enon may continue such prior non-conforming uses on Keifer I without a conditional use permit; and,

4062764 .1

  c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Keifer I for Surface Mining Uses.

### VI. SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Under R.C. § 2721.01 *et seq.*)
### (Keifer II)

43. Enon incorporates by reference the allegations of paragraphs 1 through 42 above as if fully rewritten herein.

44. Continuously since prior to 1955, Enon and its predecessors-in-title have used Keifer II for Surface Mining Uses.

45. The Surface Mining Uses constitute prior non-conforming uses of Keifer II not subject to the CCZR.

46. Enon's continuation of the Surface Mining Uses of Keifer II will not change the nature or the character of the prior non-conforming uses of Keifer II.

47. An actual controversy exists between Enon and the Zoning Administrator regarding Enon's right to continue the prior non-conforming uses of Keifer II.

48. Specifically, Enon understands that the Commissioners and/or the staff operating under the Zoning Administrator contend (1) that a conditional use permit is required for Enon to continue the Surface Mining Uses on Keifer II, (2) that the prior non-conforming use of that portion of Keifer II held in reserve for future surface mining for minerals has expired due to the lack of active mining for a period of two (2) years or more, and/or (3) that surface mining of limestone by means of the use of explosives and dewatering invalidates any prior non-conforming use that may exist on Keifer II because limestone had not been mined using such means in the past.

49. Enon disputes these contentions and maintains that:

   a. its prior non-conforming uses extend to all Surface Mining Uses of Keifer II, including, without limitation, holding a portion of Keifer II in reserve for future surface mining for minerals and using Keifer II for incidental purposes necessary to surface mining;

   b. it may continue such prior non-conforming uses of Keifer II without a conditional use permit; and,

   c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Keifer II for Surface Mining Uses.

50. Pursuant to R.C. § 2721.01 *et seq.*, Enon is entitled to a judgment declaring that:

   a. Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Keifer II, including, without limitation, holding a portion of Keifer II in reserve for future surface mining for minerals and using Keifer II for incidental purposes necessary to surface mining;

   b. Enon may continue such prior non-conforming uses on Keifer II without a conditional use permit; and,

   c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Keifer II for Surface Mining Uses.

### VII. THIRD CLAIM FOR RELIEF
### (Declaratory Judgment Under R.C. § 2721.01 *et seq.*)
### (Demmy I)

51. Enon incorporates by reference the allegations of paragraphs 1 through 50 above as if fully rewritten herein.

52. Continuously since prior to 1955, Enon and its predecessors-in-title have used Demmy I for Surface Mining Uses.

53. The Surface Mining Uses constitute prior non-conforming uses of Demmy I not subject to the CCZR.

54. Enon's continuation of the Surface Mining Uses of Demmy I will not change the nature or the character of the prior non-conforming uses of Demmy I.

55. An actual controversy exists between Enon and the Zoning Administrator regarding Enon's right to continue the prior non-conforming uses of Demmy I.

56. Specifically, Enon understands that the Commissioners and/or the staff operating under the Zoning Administrator contend (1) that a conditional use permit is required for Enon to continue the Surface Mining Uses on Demmy I, (2) that the prior non-conforming use of that portion of Demmy I held in reserve for future surface mining for minerals has expired due to the lack of active mining for a period of two (2) years or more, and/or (3) that surface mining of limestone by means of the use of explosives and dewatering invalidates any prior non-conforming use that may exist on Demmy I because limestone had not been mined using such means in the past.

57. Enon disputes these contentions and maintains that:

   a. its prior non-conforming uses extend to all Surface Mining Uses of Demmy I, including, without limitation, holding a portion of Demmy I in reserve for future surface mining for minerals and using Demmy I for incidental purposes necessary to surface mining;

   b. it may continue such prior non-conforming uses of Demmy I without a conditional use permit; and,

   c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy I for Surface Mining Uses.

58. Pursuant to R.C. § 2721.01 *et seq.*, Enon is entitled to a judgment declaring that:

11

   a. Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Demmy I, including, without limitation, holding a portion of Demmy I in reserve for future surface mining for minerals and using Demmy I for incidental purposes necessary to surface mining;

   b. Enon may continue such prior non-conforming uses on Demmy I without a conditional use permit; and,

   c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy I for Surface Mining Uses.

## VIII. FOURTH CLAIM FOR RELIEF
(Declaratory Judgment Under R.C. § 2721.01 *et seq.*)
(Demmy II)

59. Enon incorporates by reference the allegations of paragraphs 1 through 58 above as if fully rewritten herein.

60. Continuously since prior to 1955, Enon and its predecessors-in-title have used Demmy II for Surface Mining Uses.

61. The Surface Mining Uses constitute prior non-conforming uses of Demmy II not subject to the CCZR.

62. Enon's continuation of the Surface Mining Uses of Demmy II will not change the nature or the character of the prior non-conforming uses of Demmy II.

63. An actual controversy exists between Enon and the Zoning Administrator regarding Enon's right to continue the prior non-conforming uses of Demmy II.

64. Specifically, Enon understands that the Commissioners and/or the staff operating under the Zoning Administrator contend (1) that a conditional use permit is required for Enon to continue the Surface Mining Uses on Demmy II, (2) that the prior non-conforming use of that portion of Demmy II held in reserve for future surface mining for minerals has

12

4062764 .1

expired due to the lack of active mining for a period of two (2) years or more, and/or (3) that surface mining of limestone by means of the use of explosives and dewatering invalidates any prior non-conforming use that may exist on Demmy II because limestone had not been mined using such means in the past.

65. Enon disputes these contentions and maintains that:

   a. its prior non-conforming uses extend to all Surface Mining Uses of Demmy II, including, without limitation, holding a portion of Demmy II in reserve for future surface mining for minerals and using Demmy II for incidental purposes necessary to surface mining;

   b. it may continue such prior non-conforming uses of Demmy II without a conditional use permit; and,

   c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy II for Surface Mining Uses.

66. Pursuant to R.C. § 2721.01 *et seq.*, Enon is entitled to a judgment declaring that:

   a. Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Demmy II, including, without limitation, holding a portion of Demmy II in reserve for future surface mining for minerals and using Demmy II for incidental purposes necessary to surface mining;

   b. Enon may continue such prior non-conforming uses on Demmy II without a conditional use permit; and,

   c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy II for Surface Mining Uses.

## IX. FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment Under R.C. § 2721.01 *et seq.*)
### (Demmy III)

67. Enon incorporates by reference the allegations of paragraphs 1 through 66 above as if fully rewritten herein.

68. Continuously since prior to 1955, Enon and its predecessors-in-title have used Demmy III for Surface Mining Uses.

69. The Surface Mining Uses constitute prior non-conforming uses of Demmy III not subject to the CCZR.

70. Enon's continuation of the Surface Mining Uses of Demmy III will not change the nature or the character of the prior non-conforming uses of Demmy III.

71. An actual controversy exists between Enon and the Zoning Administrator regarding Enon's right to continue the prior non-conforming uses of Demmy III.

72. Specifically, Enon understands that the Commissioners and/or the staff operating under the Zoning Administrator contend (1) that a conditional use permit is required for Enon to continue the Surface Mining Uses on Demmy III, (2) that the prior non-conforming use of that portion of Demmy III held in reserve for future surface mining for minerals has expired due to the lack of active mining for a period of two (2) years or more, and/or (3) that surface mining of limestone by means of the use of explosives and dewatering invalidates any prior non-conforming use that may exist on Demmy III because limestone had not been mined using such means in the past.

73. Enon disputes these contentions and maintains that:

   a. its prior non-conforming uses extend to all Surface Mining Uses of Demmy II, including, without limitation, holding a portion of Demmy

14

III in reserve for future surface mining for minerals and using Demmy III for incidental purposes necessary to surface mining;

b. it may continue such prior non-conforming uses of Demmy III without a conditional use permit; and,

c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy III for Surface Mining Uses.

74. Pursuant to R.C. § 2721.01 *et seq.*, Enon is entitled to a judgment declaring that:

a. Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Demmy III, including, without limitation, holding a portion of Demmy III in reserve for future surface mining for minerals and using Demmy III for incidental purposes necessary to surface mining;

b. Enon may continue such prior non-conforming uses on Demmy III without a conditional use permit; and,

c. neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy III for Surface Mining Uses.

## X. SIXTH CLAIM FOR RELIEF
**(Preliminary and Permanent Injunctive Relief)**

75. Enon restates all of the allegations set forth in paragraphs 1 through 74 above as if fully rewritten herein.

76. Enon will suffer irreparable harm if the Commissioners and the Zoning Administrator are permitted to stop Enon from exercising its valid prior non-conforming uses for Surface Mining Uses on Keifer I, Keifer II, Demmy I, Demmy II, and/or Demmy III or otherwise interfere with such uses.

77. Enon has no adequate remedy at law.

15

4062764 .1

78. Enon is entitled to a preliminary and permanent injunction precluding the Commissioners and the Zoning Administrator from stopping Enon from exercising its valid prior non-conforming uses for Surface Mining Uses on Keifer I, Keifer II, Demmy I, Demmy II, and/or Demmy III and from otherwise interfering with such uses.

### XI. SEVENTH CLAIM FOR RELIEF
**(42 U.S.C. 1983 against the Zoning Administrator for Deprivation of Property Rights in Violation of the United States Constitution)**

79. Enon restates all of the allegations contained in paragraphs 1 through 78 above as though fully reinstated herein.

80. The Fifth and Fourteenth Amendments of the United States Constitution prohibit the deprivation of property rights without due process of law.

81. 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

82. At all times relevant hereto, with respect to the actions more specifically described above, the Commissioners and the Zoning Administrator acted under the authority or color of state laws, statutes, or codes, state rules or regulations, local policies and procedures, including the CCZR.

83. Enon has a constitutionally-protected property right in its valid prior non-conforming uses of Keifer I, Keifer II, Demmy I, Demmy II, and/or Demmy III for Surface Mining Uses.

84. As a result of the conduct of the Commissioners and the Zoning Administrator, Enon has been deprived of its property rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

85. As a direct result of the above-described violations, Enon is entitled to monetary and injunctive relief under 42 U.S.C. § 1983, as well as an award of reasonable attorneys' fees under 42 U.S.C. § 1988, against the Commissioners and the Zoning Administrator.

WHEREFORE, Enon requests judgment against the Commissioners and the Zoning Administrator as follows:

1. Declaring, pursuant to R.C. § 2721.01 *et seq.*, that (i) Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Keifer I, including, without limitation, holding a portion of Keifer I in reserve for future surface mining for minerals and using Keifer I for incidental purposes necessary to surface mining, (ii) Enon may continue such prior non-conforming uses of Keifer I with a conditional use permit, and (iii) neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Keifer I for Surface Mining Uses;

2. Declaring, pursuant to R.C. § 2721.01 *et seq.*, that (i) Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Keifer II, including, without limitation, holding a portion of Keifer II in reserve for future surface mining for minerals and using Keifer II for incidental purposes necessary to surface mining, (ii) Enon may continue such prior non-conforming uses of Keifer II with a conditional use permit, and (iii) neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Keifer II for Surface Mining Uses;

3. Declaring, pursuant to R.C. § 2721.01 *et seq.*, that (i) Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Demmy I, including, without

   limitation, holding a portion of Demmy I in reserve for future surface mining for minerals and using Demmy I for incidental purposes necessary to surface mining, (ii) Enon may continue such prior non-conforming uses of Demmy I with a conditional use permit, and (iii) neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy I for Surface Mining Uses;

4. Declaring, pursuant to R.C. § 2721.01 *et seq.*, that (i) Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Demmy II, including, without limitation, holding a portion of Demmy II in reserve for future surface mining for minerals and using Demmy II for incidental purposes necessary to surface mining, (ii) Enon may continue such prior non-conforming uses of Demmy II with a conditional use permit, and (iii) neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy II for Surface Mining Uses;

5. Declaring, pursuant to R.C. § 2721.01 *et seq.*, that (i) Enon has valid prior non-conforming uses which extend to all Surface Mining Uses of Demmy III, including, without limitation, holding a portion of Demmy III in reserve for future surface mining for minerals and using Demmy III for incidental purposes necessary to surface mining, (ii) Enon may continue such prior non-conforming uses of Demmy III with a conditional use permit, and (iii) neither the nature of the minerals mined by Enon nor the method of mining such minerals used by Enon invalidates the valid prior non-conforming uses of Demmy III for Surface Mining Uses;

6. Enjoining the Commissioners and the Zoning Administrator from stopping Enon from exercising its valid prior non-conforming use of Keifer I, Keifer II, Demmy I, Demmy II, and/or Demmy III for Surface Mining Uses and from otherwise interfering with such use;

7. Awarding damages to Enon in an amount to be determined at trial, but which will exceed Twenty-Five Thousand Dollars ($25,000);

8. Awarding Enon's court costs and attorney's fees incurred herein; and

9. Awarding such other relief as the Court deems just and warranted.

Respectfully submitted,

EASTMAN & SMITH LTD.

 /s/ Matthew D. Harper
Brian P. Barger (0018908)
EASTMAN & SMITH LTD.
100 East Broad Street, Suite 2100
Columbus, Ohio 43215
Telephone:  (614) 564-1445
Fax:  (614) 280-1777
Email:  bpbarger@eastmansmith.com

Matthew D. Harper (0059192)
Sarah E. Stephens (0089559)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:  (419) 241-6000
Fax:  (419) 247-1777
Email:  mdharper@eastmansmith.com
          sestephens@eastmansmith.com

Attorneys for Plaintiff
Enon Sand and Gravel, LLC

4062764 .1